On Application for Rehearing
PER CURIAM.
Appellants have applied for a rehearing on several grounds. One of their contentions is that we erred in holding that the photostatic copy of the Keystone. Voting Trust Agreement is not a duplicate copy within the meaning of LSA-R.S. 12:33, subd. B.
Appellants call our attention to LSA-R.S. 13:3733, Act 337 of 1952. This section of the Revised Statutes provides that business records are authorized to be reproduced by photographic, photostatic or miniature photographic process, and that any such copy or reproduction shall be deemed an original record for all purposes and shall be so treated in all courts or administrative agencies for the purpose of its admissibility in evidence.
We do not think that LSA-R.S. 13:3733 has any application in the instant case. We are dealing with a photostatic copy of a private contract, to-wit, the voting trust agreement, and we know of no law which authorizes the filing of a photostatic copy thereof in the office of the corporation in lieu of a duplicate. It seems to us that when LSA-R.S. 12:33, subd. B provides that a “duplicate copy of such agreement shall be filed in the registered office of the corporation,” the purpose of such provision was to allow any stockholder of the corporation to examine the voting trust agreement and to join the same by affixing his signature thereto if he so desired. He could not do this if only a photostatic copy of the agreement were filed in the corporate office. Even if we be in error in saying this, we cannot believe that LSA-R.S. 12:33, subd. B authorizes the filing of merely a photostatic copy of the signatures on the voting trust agreement. This would not afford a nonmember stockholder a sufficient opportunity to examine into the genuineness of the voting trust.
The application for a rehearing is denied.
Rehearing denied. ■